UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION; and AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF RHODE ISLAND, | [redacted] 05 060 ML |
| Plaintiffs | |
| v. | C.A. No. 05- |
| PATRICK LYNCH, Attorney General of the State of Rhode Island, in his official capacity; and DAVID CURTIN, Chief Disciplinary Counsel for the State of Rhode Island, in his official capacity, | |
| Defendants | |

## **COMPLAINT**

### **Introduction**

This is a civil action for a declaratory judgment, pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, seeking resolution of the rights of Plaintiffs American Civil Liberties Union Foundation ("ACLU Foundation") and American Civil Liberties Union Foundation of Rhode Island ("ACLU Foundation-RI") (collectively, "Plaintiffs"), as non-profit organizations, to receive attorneys' fees awarded in Federal civil rights litigation in this Court. The resolution of this issue is critical because it affects Plaintiffs' ability to defend and protect the individual and civil rights guaranteed to all citizens by the U.S. Constitution and by the laws of the United States. Plaintiffs bring this action against Defendants Patrick Lynch, Attorney General of the State of Rhode Island, in his official capacity ("Lynch"), and David Curtin, Chief Disciplinary

Counsel for the State of Rhode Island, in his official capacity ("Curtin") (sometimes collectively, "Defendants").

## Parties

1. The ACLU Foundation is a non-profit corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

2. The ACLU Foundation-RI is a non-profit corporation organized and existing under the laws of Rhode Island, with its principal place of business in Providence, Rhode Island.

3. Lynch is the Attorney General for the State of Rhode Island and, as such, is the chief law enforcement officer of the laws of the State of Rhode Island. Because Plaintiffs seek to challenge the constitutionality of a statute of the State of Rhode Island, the Attorney General has been made a proper party defendant pursuant to Rhode Island General Laws § 9-30-11.

4. Curtin is the Chief Disciplinary Counsel for the State of Rhode Island and, as such, is the chief enforcement officer of the Rhode Island Rules of Professional Conduct governing attorneys and the practice of law. Because Plaintiffs seek to challenge the constitutionality of two Rules of the Rhode Island Rules of Professional Conduct, the Chief Disciplinary Counsel is a proper party defendant.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction in this controversy pursuant to 28 U.S.C. §§ 1331 and 1343, and 28 U.S.C. § 2201.

6. Venue in this district is based on 28 U.S.C. § 1391(b).

## Facts

7. Plaintiffs are non-profit organizations that have Federal tax-exempt status under 26 U.S.C. § 501(c)(3).

8. The shared purpose of the ACLU Foundation and the ACLU Foundation-RI is to defend and preserve the principles of liberty and equality guaranteed by Federal and state constitutions and laws.

9. To further that purpose, Plaintiffs litigate hundreds of cases per year involving individual civil rights, using the services of ACLU Foundation staff attorneys and private cooperating counsel. Many of those cases are brought as class actions. Court-awarded attorneys' fees resulting from this litigation are a significant source of funding for the ACLU Foundation and the ACLU Foundation-RI, and are used to support their litigation activities.

10. In 2002, the Rhode Island Supreme Court declared that Rules 5.4(a) and 7.2(c) of the Rhode Island Rules of Professional Conduct, which address fee-sharing between lawyers and non-lawyers, and Rhode Island General Laws § 11-27-3, which governs the unauthorized practice of law, prohibit non-profit organizations such as Plaintiffs from recovering or receiving attorneys' fees awarded in litigation in this state.

11. In reaching its decision in In re Rule Amendments to Rules 5.4(a) and 7.2(c) of the Rules of Prof'l Conduct, 815 A.2d 47 (R.I. 2002), the Rhode Island Supreme Court rejected the recommendations of its Ethics Advisory Panel, which concluded in 2000 that "the prohibitions against fee sharing with nonlawyers ought not to apply to the sharing of court-ordered fees in [ACLU Foundation-RI] sponsored pro bono litigation" and that the Rules should thus be amended.

12. Similarly, in 1993, the American Bar Association concluded that the prohibition on fee-sharing should not be applied to non-profit organizations such as Plaintiffs, in an ethics opinion interpreting the ABA's Model Rules of Professional Conduct 5.4 and 7.2, which parallel the Rhode Island Rules at issue in this case. The ABA later codified that opinion in February

2002 by amending Model Rule 5.4 to permit a lawyer to "share court-awarded fees with a non-profit organization that employed, retained, or recommended employment of the lawyer in the matter."

13. Section 1988 of Title 42 of the United States Code authorizes the payment of attorneys' fees to non-profit organizations such as the ACLU Foundation and ACLU Foundation-RI in Federal civil rights litigation. Congress passed § 1988 and other similar fee-shifting statutes in recognition of the fact that civil rights laws depend heavily upon private enforcement, yet the vast majority of plaintiffs cannot afford legal counsel. Thus, the efforts of non-profit, public-interest organizations in bringing such cases are essential to the vindication of clients' rights. In enacting § 1988 and other similar fee-shifting statutes, Congress specifically anticipated and intended that attorneys' fees would be awarded to non-profit organizations such as the ACLU Foundation and the ACLU Foundation-RI.

14. Under the Supremacy Clause of the U.S. Constitution, a state may not enforce its laws or rules in a manner that is inconsistent with an Act of Congress. To the extent that Rhode Island's laws and rules have been construed to bar Plaintiffs from receiving attorneys' fees in Federal civil rights litigation, they are inconsistent with 42 U.S.C. § 1988 and other similar fee-shifting statutes.

15. Plaintiffs lack any adequate remedy at law.

**Count I**
**(Declaratory Judgment)**

16. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1-15 as if fully set forth herein.

17. There is a ripe and justiciable controversy between and among the parties concerning Plaintiffs' rights as non-profit, public-interest organizations to receive attorneys' fees

awarded in civil rights litigation pursuant to 42 U.S.C. § 1988 and other similar fee-shifting statutes in light of the conflicting statements of the Rhode Island Supreme Court. Therefore, this action involves an actual controversy within the meaning of the Declaratory Judgments Act, 28 U.S.C. § 2201.

18. Plaintiffs have standing to sue because they have been adversely affected by the interpretation of Rules 5.4(a) and 7.2(c) and § 11-27-3 adopted by the Rhode Island Supreme Court. Specifically, the ACLU Foundation and the ACLU Foundation-RI have been active in civil litigation in this Court since the Rhode Island Supreme Court's decision, and have been unable to receive or recover attorneys' fees authorized by 42 U.S.C. § 1988 and other similar fee-shifting statutes.

19. Rules 5.4(a) and 7.2(c) of the Rhode Island Rules of Professional Conduct, as interpreted by the Rhode Island Supreme Court and as now enforced by Defendant Curtin, are inconsistent with 42 U.S.C. § 1988 and other similar fee-shifting statutes.

20. Rhode Island General Laws § 11-27-3, as interpreted by the Rhode Island Supreme Court and as now enforced by Defendant Lynch, is inconsistent with 42 U.S.C. § 1988 and other similar fee-shifting statutes.

21. Rules 5.4(a) and 7.2(c) of the Rhode Island Rules of Professional Conduct, as interpreted by the Rhode Island Supreme Court and as now enforced by Defendant Curtin, violate Plaintiffs' rights under the First and Fourteenth Amendments to the U.S. Constitution by impairing Plaintiffs' ability to fulfill a core ideological purpose of their respective organizations, which is to provide legal representation to individuals whose civil rights have been violated.

22. Rhode Island General Laws § 11-27-3, as interpreted by the Rhode Island Supreme court and as now enforced by Defendant Lynch, violates Plaintiffs' rights under the

First and Fourteenth Amendments to the U.S. Constitution by impairing Plaintiffs' ability to fulfill a core ideological purpose of the respective organizations, which is to provide legal representation to individuals whose rights have been violated.

WHEREFORE, Plaintiffs request that this Court award Plaintiffs the following relief:

(a.) Declare Rules 5.4(a) and 7.2(c) of the Rhode Island Rules of Professional Conduct, as applied to Plaintiffs ACLU Foundation and ACLU Foundation-RI, inconsistent with 42 U.S.C. § 1988 and other similar fee-shifting statutes, and thus unenforceable against Plaintiffs under the Supremacy Clause;

(b.) Declare Rules 5.4(a) and 7.2(c) of the Rhode Island Rules of Professional Conduct unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution, insofar as those rules, as now construed by the Rhode Island Supreme Court and as currently enforced, prohibit the recovery of court-awarded attorneys' fees by Plaintiffs in Federal civil rights litigation;

(c.) Declare Rhode Island General Laws § 11-27-3, as applied to Plaintiffs ACLU Foundation and ACLU Foundation-RI, inconsistent with 42 U.S.C. § 1988 and other similar fee-shifting statutes, and thus unenforceable against Plaintiffs under the Supremacy Clause;

(d.) Declare Rhode Island General Laws § 11-27-3 unconstitutional under the First and Fourteenth Amendments to the U.S. Constitution, insofar as the statute, as now construed by the Rhode Island Supreme Court, prohibits the recovery of court-awarded attorneys' fees by Plaintiffs in Federal civil rights litigation;

(e.) Declare that Plaintiffs are entitled to recover attorneys' fees for Federal civil rights litigation when authorized by 42 U.S.C. § 1988 and other similar fee-shifting statutes;

(f.) Award Plaintiffs attorneys' fees in this action pursuant to 42 U.S.C. § 1988 (b);

(g.) Award Plaintiffs their costs of suit; and

(h.) Grant such other and further relief as this Court deems just and proper in the circumstances.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION RHODE ISLAND

By their Attorneys,

Mark W. Freel, Esq. (# 4003)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

Dated: February 15th, 2005